CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 08 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JUNE A. JONES, | ) | CASE NO. 7:12CV00591 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| PHYLLIS BASKERVILLE, | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

June A. Jones, a Virginia inmate proceeding pro se, filed this civil rights action, alleging that that she is entitled to recover monetary damages under the Virginia Tort Claims Act ("VTCA"), § 8.01-195.1, et. seq., for the harm she suffered from contracting salmonella poisoning after eating a prison meal. Upon review of the record, the court finds that the action must be summarily dismissed without prejudice for lack of jurisdiction.

Jones is an inmate at the Fluvanna Correctional Center for Women ("FCCW"). On Sunday, May 13, 2012, Jones was housed in the FCCW infirmary, where officials served her lunch of chicken, macaroni, cabbage, a roll, and ice cream. Over the next two days, Jones developed diarrhea, stomach cramps, and weakness, and began vomiting "yellow bile." The prison doctor examined Jones, kept her in the infirmary, ordered tests, and started giving her IV fluids for dehydration. On Friday, May 18, 2012, Jones was admitted to the hospital for more tests, which concluded that she "had salmonella poisoning." Jones blames Sunday's chicken. She sues the FCCW warden, seeking to recover $100,000 in compensatory damages under the VTCA.

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 US.

375, 377 (1994). Generally, a case can be originally filed in a federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship jurisdiction under 28 U.S.C. § 1332. Plaintiff's claim under the VTCA, a statute of the Commonwealth of Virginia, does not present any federal question so as to invoke this court's jurisdiction under § 1331.[1] To invoke the court's diversity jurisdiction under 28 U.S.C. § 1332(a), plaintiff must prove complete diversity of citizenship between the parties. Kokkonen, 511 U.S. at 378. Here, plaintiff fails to state facts demonstrating such diversity, as she and the defendant are both located in Virginia. As a result, the plaintiff's complaint is subject to dismissal without prejudice for lack of subject matter jurisdiction.[2] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 8th day of February, 2013.

_____
Chief United States District Judge

---

[1] Because plaintiff does not state facts suggesting that her illness resulted from any prison official's deliberate indifference to a significant risk of serious harm, the court finds no justification for construing plaintiff's claim as arising under the Eighth Amendment and 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976),

[2] The court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).